This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Anita D. Rieger, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which overruled her objections and denied her motion to vacate the court's judgment entry adopting Lorain County Child Support Enforcement Agency's ("CSEA") findings establishing a child support obligation against appellant. This Court reverses.
 I. {¶ 2} Appellant and appellee, David A. Rieger, were granted a decree for divorce on December 8, 1999. Within its decree, the trial court approved and adopted a shared parenting plan regarding the parties' minor child as it found the plan to be in the child's best interests. The court found "[t]hat due to the possession schedule set forth in the Shared Parenting Plan, and by agreement of the parties, it would be in the best interest of said child that no child support order be made against either party for the support of the child as the parties will each spend funds for the support of the child when he is in his or her possession." The divorce decree ordered that "there shall be no order for the payment of child support from one party to the other provided, however, that the child's school tuition fees and reasonable extracurricular fees and charges be divided equally between the parties."
 {¶ 3} At the request of appellee, CSEA initiated child support proceedings and determined that appellant should pay child support to appellee in the amount of $406.34 per month. Appellant appealed the agency's determination, an administrative mistake of fact hearing was held, and appellant's objections to CSEA's findings were denied.
 {¶ 4} On June 4, 2001, CSEA petitioned the trial court for an order adopting the agency's administrative findings that appellant pay child support. In a journal entry, the court adopted CSEA's findings against appellant that same day. On June 15, 2001, appellant filed objections to the court's judgment entry and a motion requesting the court to vacate its order adopting CSEA's child support determination.
 {¶ 5} Both parties submitted briefs on the matter. On March 7, 2002, the trial court entered judgment overruling appellant's objections and denying her motion to vacate the court's adoption of the administrative child support order. The court further ordered that the stayed June 4, 2201 journal entry establishing a child support obligation against appellant immediately take effect.
 {¶ 6} Appellant timely appealed and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED APPELLANT'S OBJECTIONS AND AFFIRMED THE ISSUANCE OF A REVISED CHILD SUPPORT ORDER PREPARED BY THE CHILD SUPPORT ENFORCEMENT AGENCY."
 {¶ 8} In her sole assignment of error, appellant asserts that the trial court erred as a matter of law when it overruled her objections and affirmed the issuance of a child support order prepared by CSEA. This Court agrees.
 {¶ 9} It is well settled that this Court's standard of review concerning questions of law is de novo. Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108; Cleveland Elec. Illum.Co. v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523. "`It is appropriate for an appellate court to substitute its judgment for that of the trial court where matters of law are involved.' Indeed, where an appellate court determines that the trial court erred as a matter of law, it may reverse and render judgment." (Citations omitted.) Petro v. NorthCoast Villas Ltd. (2000), 136 Ohio App.3d 93, 96.
 {¶ 10} Appellant argues that the trial court erred as a matter of law when it affirmed CSEA's child support determination because CSEA does not have any authority to establish a child support order under R.C.3113.216. Appellant emphasizes that the trial court deliberately declined to create a child support order in the parties' case and therefore has no jurisdiction to adopt an administratively invented support order upon CSEA's petition.
 {¶ 11} The Supreme Court of Ohio has held that "[a]n administrative agency has no authority beyond the authority conferred by statute and it may exercise only those powers that are expressly granted by the General Assembly." State ex rel. Lucas County Bd. Of Commrs. v.Ohio EPA (2000), 88 Ohio St.3d 166, 171. As an administrative agency, CSEA derives its authority concerning child support orders from the powers expressly granted it within Title 31 of the Ohio Revised Code. The relevant section governing CSEA in this case is R.C. 3113.216[1], which addresses the rules for review of existing child support orders. It mandates job and family services to establish various procedures forreview of child support orders, including "[p]rocedures for the child support enforcement agency to * * * review, upon the request of the obligor or the obligee, any child support order that is subject toreview[.]" (Emphasis added.) R.C. 3113.216(B)(3).
 {¶ 12} The statute provides CSEA with the authority to review existing child support orders. The statute does not empower CSEA with the authority to administratively create a child support order where none exists. No child support order existed in appellant's case. The trial court specifically stated in its decree for divorce "[t]hat due to the possession schedule set forth in the Shared Parenting Plan, and by agreement of the parties, it would be in the best interest of said child that no child support order be made against either party for the support of the child." The trial court restated its intention at the end of the decree for divorce when it "ordered that there shall be no order for the payment of child support from one party to the other."
 {¶ 13} Consequently, CSEA had no child support order to review under R.C. 3113.216(B)(3). Moreover, the trial court had no jurisdiction to adopt CSEA's findings in the form of a child support order. Therefore, this Court finds that the trial court erred as a matter of law when it affirmed the issuance of a child support order prepared by CSEA against appellant.
 {¶ 14} This Court acknowledges appellee's argument that appellant made procedural mistakes, namely that appellant failed to timely object to CSEA's findings and appellant did not seek the proper remedy of appeal for the June 4, 2001 order. As a result of this Court's finding that no child support order existed in this case, this Court need not address whether appellant's procedural responses to CSEA's erroneous conduct were improper.
 {¶ 15} Appellee further claims that there was an existing child support order within the decree for divorce. Appellee cites to this Court's decision in Rodriguez v. Rodriguez (May 10, 2000), 9th Dist. No. 99CA007281, to state that a child support order which requires that no support is to be paid is an existing child support order subject to CSEA's review and modification. In Rodriguez, the trial court did journalize in a judgment entry that Mr. Rodriguez was to pay no child support, thereby establishing a child support order. Id. However, this Court finds that appellee's mention of Rodriguez does not alter the fact that there was no existing child support order in appellee's case. UnlikeRodriguez, the trial court did not journalize an order stating that appellee and/or appellant were to pay no child support. Rather, it specifically ordered that no child support order would exist between the parties.
 III. {¶ 16} Accordingly, appellant's sole assignment of error is sustained. The judgment of the trial court is reversed.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] This Court notes that R.C. 3113.21 et seq. was repealed effective March 22, 2001. This Court will nonetheless refer to R.C. 3113.216 (2000 edition), as it was in effect at the time that CSEA petitioned the court to adopt its child support determination. See Houts v. Houts (1995),99 Ohio App.3d 701, 704.