JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Mark Paras appeals pro se from the trial court's judgment entry regarding his motion to modify child support. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} Pro se Plaintiff-appellee Patricia A. Quinn fka Patricia A. Paras ("Quinn") and Paras were married for almost twelve years and had two children born of the marriage. Quinn filed for divorce in 1996 and the parties divorce was recorded on November 12, 1999. At that time, Quinn was appointed the residential parent of both children and Paras was ordered to pay $475 per month per child in child support. Paras was also ordered to pay the entire cost of the catholic elementary school education for the children and spousal support. On November 21, 2000, the court ordered that spousal support should terminate effective April 1, 1999. Child support was decreased to $345.76 per month per child commencing on August 8, 2000. Quinn was ordered to provide health insurance for the children and to pay the first $100 per calendar year per child in uninsured/unreimbursed medical, dental, prescription and optical expenses. Paras was ordered to pay 54% and Quinn 46% of the out of pocket medical, dental, prescription and optical expenses.
 {¶ 3} The instant matter stems from Paras' March 26, 2002 motion to modify child support. On April 30, 2002, the parties agreed Paras was in contempt and ordered to pay $25 per month toward his arrearage of over $37,000. After a hearing in which Paras and Quinn testified and proffered evidence, the magistrate issued findings of fact and conclusions of law. Both parties filed objections to the magistrate's decision and on January 31, 2003, the trial court adopted the findings of the magistrate as modified. On January 31, 2003, the trial court also order Paras to post a cash bond in the amount of $1,020. It is from this ruling that Paras now appeals, asserting thirteen assignments of error for our review.
 {¶ 4} Initially we note that an appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson
(1998), 126 Ohio App.3d 36, 321-322, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413. The standards for briefing that a party must adhere to on appeal are set forth in App.R. 16(A). Furthermore, we note pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel. Wesbanco Bank Barnesville v. Balcar, 7th Dist. No. 00-BA-36, 2001-Ohio-3493; Sabouri v. Ohio Dept. of Job FamilyServ. (2001), 145 Ohio App.3d 651, 654. In this case, Paras failed to properly brief assignments of error four, six, and eight. We therefore decline to address them.
 {¶ 5} "I. The magistrate and the trial court erred, prejudiced, and abused their discretion by going against the manifest weight of the evidence in determining the appellant's income for calculating child support payments."
 {¶ 6} "II. The magistrate and the trial court erred, abused their discretion, went against the manifest weight of the evidence and prejudiced the appellant when they determined that the appellant was underemployed."
 {¶ 7} In his first two assignments of error, Paras maintains that the trial court erred in determining that he is underemployed and in calculating his income as $36,000 for computation of child support obligations. We disagree.
 {¶ 8} It is well-settled that a trial court's decision on a motion to modify child support will not be reversed absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 9} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Moreover, the Supreme Court of Ohio has specifically held that this definition of abuse of discretion is fully applicable in the domestic relations context. Blakemore, supra.
 {¶ 10} Paras maintains the trial court erred in determining his income in previous years and that his child support obligation should be determined utilizing an average of his income, to wit: $27,699 in 1999, $5,340 in 2000, $7,126 in 2001 and $20,287 in 2002.
 {¶ 11} When determining a parent's income for purposes of calculating child support, the trial court must verify the income "with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." R.C. 3119.05. Federal and state tax documents provide a proper starting point to calculate a parent's income, but they are not the sole factor for the trial court to consider. Foster v. Foster (2002),150 Ohio App.3d 298; See Houts v. Houts (1995), 99 Ohio App.3d 701, 706.
 {¶ 12} Income for child support purposes is not always equivalent to the parent's taxable income. Foster, supra. Helfrich v. Helfrich
(Sept. 17, 1996), Franklin App. No. 95-APF12-1599. R.C. 3119.01(C)(5) defines "income" for purposes of calculating child support as "either of the following: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
 {¶ 13} Therefore, in addition to considering a party's gross income, it is necessary to consider any "potential income" if the court determines that the party is unemployed or underemployed. Furthermore, the determination that a parent is voluntarily underemployed will not be reversed absent an abuse of discretion. Rock v. Cabral (1993),67 Ohio St.3d 108, 112.
 {¶ 14} In this case, the magistrate determined that Paras was underemployed, based on the fact that Paras was in the same mortgage business a few years prior in which he was quite successful, earning $72,000.[1] While Paras claims that his lower income in the last few years is attributable to his opening his own business, the magistrate determined that Paras has failed to find more gainful employment and that, when considering the best interest of the children, Paras is underemployed.
 {¶ 15} The magistrate also found that Paras' annual expenditures far exceeded his alleged income of between $8,000 and $9,000. In fact, Paras claimed that his monthly housing expense was $848, which totals well over his claimed income. Further, a significant amount of testimony was presented demonstrating that Paras travels often, drives a new car, has completed several expensive home improvement projects and enjoys a lifestyle that is not in keeping with his alleged meager income. The trial court considered Paras' credibility and the best interest of the children in making its determination and we cannot say that the trial court abused its discretion in so doing. Furthermore, we find that imputing $36,000 was not an abuse of discretion. We therefore overrule these assignments of error.
 {¶ 16} "III. The magistrate and the trial court erred, abused their discretion, went against the manifest weight of the evidence and prejudiced the appellant by ignoring the evidence of prior omissions for the designation of the parent entitled to claim federal income tax deduction."
 {¶ 17} "V. The magistrate and the trial court erred, abused their discretion, went against the manifest weight of the evidence and prejudiced the appellant by ignoring the appellant's arrearages affected by the court's omission in designating the parent entitled to claim federal income tax deduction."
 {¶ 18} We address together Paras' third and fifth interrelated assignments of error. Essentially, Paras argues that the trial court erred by ignoring evidence that he was prejudiced by the court's failure to designate the parent entitled to claim the children on federal income tax deductions beginning in 1996. Paras maintains that the trial court erred by failing to designate in 1996 which parent was entitled to claim the children and cites R.C. 3119.82. R.C. 3119.82 states, in relevant part,
 {¶ 19} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *."
 {¶ 20} Paras argues that the trial court's failure to comply with the literal requirements of the statute constitutes reversible error and further, that he should be credited $32,700, the amount the appellee gained by claiming the children, toward his child support arrearage. We note, however, that R.C. 3119.82 became effective on March 22, 2001. Therefore, we disagree with Paras that the trial court erred in 1996. Furthermore, Paras would have been charged with the burden of timely appealing any alleged failure by the trial court. We find no merit to these assignments of error.
 {¶ 21} "VII. The magistrate and the trial court erred, abused their discretion, went against the manifest weight of the evidence and prejudiced the appellant when they found no change in circumstances regarding the tuition obligations."
 {¶ 22} Paras contends that the trial court erred in failing to find a change in circumstances regarding an increase in tuition that he paid for his children. We find no merit to this assignment of error.
 {¶ 23} Paras concedes that he agreed to pay the Catholic elementary school tuition for his children at the time of the original decree. The magistrate determined that no change of circumstances existed to deviate from the child support order. Specifically, the magistrate determined that the tuition expense and periodic increases in tuition were foreseeable at the time the provision went into effect and found no change in that obligation. We agree with the trial court and decline to find that the trial court abused its discretion in making this determination.
 {¶ 24} Furthermore, we note that Quinn is willing to alleviate Paras' burden of paying for private school tuition by sending the children to a public school. Paras is unwilling to do so and hence has chosen not to alleviate his tuition obligation.
 {¶ 25} "IX. The magistrate and the trial court erred, abused their discretion and prejudiced the appellant when it did not allow the testimony of appellant's girlfriend."
 {¶ 26} "X. The magistrate and the trial court erred, went against the manifest weight of the evidence, abused it's (sic) discretion and prejudiced the appellant in it's (sic) findings that the appellant benefitted financially from the services rendered by or paid for by the appellant's friend."
 {¶ 27} Having a common basis in law and fact, we address together Paras' ninth and tenth assignments of error. In his ninth assignment of error, Paras complains the magistrate erred in failing to allow his girlfriend, Ms. Volpe, to testify despite his failure to timely submit a witness list pursuant to Loc.R. 12(B) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. His tenth assignment of error alleges that the trial court prejudiced him by finding that he benefitted financially from Ms. Volpe's generosity and disputes the characterization and descriptions of various vacations that they took together. Paras does not state how this finding prejudiced him, rather he again argues that Ms. Volpe should have been permitted to testify.
 {¶ 28} Loc.R. 12(B)(2) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division states:
 {¶ 29} "(B)(2) No party shall be permitted to call any witness,except rebuttal witnesses, whose name was not included on the witness list * * * unless * * *." [Emphasis added.]
 {¶ 30} On cross-examination, Ms. Quinn challenged various recent expenditures by Paras. Specifically, Ms. Quinn questioned Paras' ability to afford lasic eye surgery, various vacations with the children, privileges at a nearby country club, a new car, and several expensive home improvement projects. Paras maintained that all of the challenged expenditures were gifts from his girlfriend, Ms. Volpe. He thereafter sought to introduce Ms. Volpe as a witness to corroborate his testimony.
 {¶ 31} Loc.R. 12 provides that a rebuttal witness generally should not be excluded from testifying, however it does not provide that a rebuttal witness must testify. The decision to admit or exclude testimony is within the sound discretion of the trial court and a reviewing court will not reverse such a decision absent an abuse of discretion. See Statev. Long (1978), 53 Ohio St.2d 91, 98. Trial courts may exclude irrelevant or cumulative evidence. State v. Johnson (Dec. 26, 1995), Ross App. No. 94 CA 2004, citing City of Toledo v. Carpenter (Dec. 14, 1990), Lucas App. No. L-90-022. We find that the trial court did not abuse its discretion in excluding Ms. Volpe's testimony.Furthermore, even assuming arguendo that the trial court should have admitted Ms. Volpe's testimony, any alleged error was harmless. Paras was permitted to introduce as evidence cancelled checks from Ms. Volpe's checking account showing payments for lasic eye surgery for the appellant. In addition, Paras testified that all of the challenged expenditures were paid for by Ms. Volpe, and any testimony she would have offered would have been cumulative.
 {¶ 32} We therefore overrule these assignments of error.
 {¶ 33} "XI. The trial court erred, went against the manifest weight of the evidence, abused its discretion and prejudiced the appellant when it ordered the appellant to post bond and later denied the appellant's motion to stay the posting of the bond."
 {¶ 34} Paras maintains the trial court improperly ordered him to post a cash bond without making a determination that he was able to do so. We disagree.
 {¶ 35} On January 31, 2003, Paras was ordered to post a bond in the amount of $1,020.[2] R.C. 3121.03(C) provides, in relevant part, "[t]he court shall not order an obligor to post a cash bond under this section unless the court determines that the obligor has the ability to do so."
 {¶ 36} On the same day the trial court ordered Paras to post a bond, it also adopted the findings of the magistrate, as modified, which imputed Paras' income at $36,000. While the actual order issuing the bond does not so state, the record demonstrates that the trial court determined Paras had the ability to post the bond. We agree with the trial court and find that there was sufficient evidence in the record of Paras' ability to post the bond. Furthermore, the record reflects that Paras owns his own company, which makes withholding from his employer impossible. Accord Szymczak v. Szymczak (2000), 136 Ohio App.3d 706. The trial court's decision to order a cash bond to secure payment of child support was proper and we therefore overrule this assignment of error.
 {¶ 37} "XII. The trial court and Cuyahoga Support Enforcement Agency erred, abused their discretion, went against the manifest weight of the evidence, denied due process and prejudiced the appellant when they suspended appellant's driving privileges."
 {¶ 38} Paras maintains that his driving privileges were suspended prior to the hearing before the magistrate. He alleges that CSEA suspended his driver's license and he was prejudiced as a result. The appellant failed to raise this issue before the trial court and has waived any alleged error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances, where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 39} Furthermore, an appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson, supra. Since the appellant, in contravention of the requirements of App.R. 16(A)(6) and (7), fails to reference any place in the record where the trial court may have erred and fails to present relevant legal authority in support of his argument, this court declines to address this assignment of error pursuant to App.R. 12(A)(2). City of Oakwood v. Juliano (Dec. 16, 1999), Cuyahoga App. No. 75160.
 {¶ 40} "XIII. The trial court erred, went against the manifest weight of the evidence, abused it's (sic) discretion and prejudiced the appellant when it ignored the benefits realized by the appellee's remarriage."
 {¶ 41} In his final assignment of error, the appellant maintains that the trial court prejudiced him by ignoring the benefits realized by Quinn's remarriage. For support of this proposition, Paras cites to portions of the record in which he testified regarding Quinn's finances. He seemingly avers that the trial court should have lowered the amount of child support he was required to pay as a result of these benefits. We disagree with Paras.
 {¶ 42} R.C. 3119.23 states "the court may consider any of the following factors in determining whether to grant a deviation ***
 {¶ 43} "(G) Disparity in income between parties or households;
 {¶ 44} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person."
 {¶ 45} In this case, there is no evidence that the trial court failed to consider the benefits Quinn realized through remarriage or the disparity in income between the parties. In fact, the trial court read into the record the stipulation regarding Quinn's husband's income. However, the trial court opted to deny a deviation based on those factors. Furthermore, R.C. 3119.05(E) states, "When the court or agency calculates the gross income of a parent, it shall not include any income earned by the spouse of that parent." We find that the trial court did not abuse its discretion and therefore overrule this assignment of error.
Judgment affirmed.
KENNETH A. ROCCO, A.J., AND SEAN C. GALLAGHER, J., CONCUR.
[1] Paras disputes the finding that he previously made $72,000 in the mortgage business. We note that this court acknowledged Paras' income as $72,000 in Paras v. Paras (Dec. 7, 2000), Cuyahoga App. No. 77253.
[2] Paras filed a motion to stay the order pending his current appeal, which the trial court denied.