[Cite as *Walley v. Iannizzaro*, 2018-Ohio-3939.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

ROBERT N. WALLEY,

Plaintiff-Appellee,

v.

ANGELA C. IANNIZZARO,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 MA 0124

---

Civil Appeal from the
Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio
Case No. 16 JI 31

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Shirley J. Smith* and
*Atty. Adam V. Buente*, The Law Office of Shirley J. Smith, LLC, 94 N. Market Street,
East Palestine, Ohio  44413, for Plaintiff-Appellee

*Atty. Gregg A. Rossi*, Rossi & Rossi, 26 Market Street, 8th Floor, Huntington Bank
Building, P.O. Box 6045, Youngstown, Ohio  44501, for Defendant-Appellant.

Dated:  September 20, 2018

---

**WAITE, J.**

**{¶1}** Appellant, Angela C. Iannizzaro, appeals the Mahoning County Court of Common Pleas, Juvenile Division's decision as to calculation of child support and income tax dependency exemption. Appellant and Appellee, Robert N. Walley, were never married and are the parents of a minor child. The parties had reached agreement on parenting time issues. A magistrate's hearing was held on the sole issue of child support. After the hearing, the magistrate issued an order setting child support and deciding that Appellant was to claim the minor child as a dependent exemption for income tax purposes. After a hearing on objections, the trial court modified the child support order and ordered the tax exemption to alternate between the parties annually. Appellant contests both the child support modification and the tax exemption ruling on appeal.

**{¶2}** Appellant argues the trial court abused its discretion in modifying the child support order based on the record and the magistrate's finding that Appellee manipulated his income. Appellant also contends the trial court erred in adjusting the tax exemption order as Appellee is self-employed with no definite income and Appellant is an employee who would be able to maximize the exemption. Based on the record, Appellant has not established that the trial court abused its discretion as to either the child support order or the income tax dependency exemption. Based on the foregoing, the judgment of the trial court is affirmed.

## Factual and Procedural History

**{¶3}** The parties were never married but resided together and have a minor child born on September 17, 2012. The parties' relationship ended and they began living separately some time in February of 2015. On February 8, 2016, Appellee filed a

motion with the Mahoning County Common Pleas Court, Juvenile Division, seeking to be named the custodial parent of the minor child, a motion for calculation of child support, and a motion for award of the tax exemption.

{¶4} A hearing was held before a magistrate on April 18, 2017. Prior to the hearing, the parties had resolved parenting issues relative to the minor child and the terms of a shared parenting plan were read into the record. The only issues unresolved related to the financial issues of child support and the income tax dependency exemption. Both parties testified on direct and cross-examination at the hearing. The testimony was solely related to the issue of income calculation for the purposes of child support. Evidence was presented that Appellant was an hourly employee and had a second child. Appellee testified that he was the sole owner of a lawn care company and owned half of a lawn fertilizing service. Extensive testimony was presented that although Appellee's income tax returns and profit and loss statements from the businesses indicated that he earned only $10,000 per year, several personal expenses were improperly classified as business expenses. These included daycare expenses, child support, and other household expenses. There was also evidence presented that Appellee had been paying $500 per month to Appellant for child support absent any order, as well as $500 per month directly to the child's daycare. No evidence was presented relative to the income tax exemption. At the request of the magistrate, both parties submitted proposed findings of fact and conclusions of law. Appellant's submission stated that, after accounting for all of the personal expenses Appellee had classified as business expenses, his self-generated income should total $30,000

annually, while her income from employment was $27,040 annually. In her filing she stated that the child support calculation owed by Appellant should be $747 per month.

{¶5} In his proposed findings of fact and conclusions of law, Appellee submitted that he was self-employed without a consistent paycheck and that his income was $10,027 annually. Appellee proposed that his child support obligation should be $269.57 per month. Neither party included any findings of fact or conclusions of law relative to the income tax dependency exemption.

{¶6} A magistrate's decision was issued on June 19, 2017. Based on the testimony at the hearing and other evidence admitted, the magistrate concluded that Appellee's income calculation included deductions that were not business related and that these were required to be added to Appellee's income, finding:

> Plaintiff's exhibit #8, Keepin' It Green profit and loss statement for the time period of January through December, 2016 evidenced a net income of $14,775.50 but again included non-allowable deductions of child support of $4,800, daycare of $1,354, house payment of $750 and household - $3,093.77 for a total of $16,901.77. The Court shall compute Plaintiff's 2016 income at $31,677.27 and shall also add 50% of the Keepin' It Green Fertilizing profit (Plaintiff's exhibit #9) for 2016 of $1,340.42. His total 2016 income is $32,347.48.

(6/19/17 J.E., pp. 1-2.)

{¶7} The magistrate determined: (1) Appellee was to pay $591.65 per month as his child support obligation; (2) Appellant would be responsible for the child's health

Case No. 17 MA 0124

insurance coverage; and (3) Appellant was entitled to claim the minor child as a dependent for all tax purposes beginning with tax year 2017.

{¶8} Appellee filed objections to the magistrate's decision on July 3, 2017. Pursuant to Civ.R. 60(A), he contended that the magistrate made a clerical error in calculating his income for 2016 because when adding the stated income of $14,775.50 to the court's disallowed deductions of $16,901.77 and 50% of the fertilizer service profit, Appellee's income should total $26,114, not $32,000. Appellee also objected that he was not credited for $1,354 in daycare he had paid. Finally, Appellee objected that Appellant was exclusively granted the child income tax dependency exemption rather than having the deduction alternate between the parties. Appellant filed a motion in opposition asserting that the income arrived at by the magistrate was in the same range as Appellee's 2015 calculated income of $32,429.94 and that the court had actually omitted additional disallowed deductions from Appellee's 2016 income which accounted for the discrepancy in the total. Appellant argued the matter should be remanded to the magistrate for a recalculation based on the evidence. Regarding the income tax dependency exemption, Appellant contended that if Appellee's income was $10,000 from self-employment, fluctuated and was as unreliable as he alleged, and Appellant's income was approximately $27,000 as an hourly employee, Appellant should be awarded the exemption every year because she was better able to maximize the benefit of the exemption.

{¶9} An objection hearing was held on August 4, 2017. Both parties were present with their counsel. The transcript of this hearing was not made a part of this record. In a judgment entry dated August 11, 2017, the trial court held:

The Court reviewed the evidence and case law and hereby finds that Plaintiff is entitled to an adjustment in child support. See attached worksheet incorporated herein and marked as Exhibit A. The Court further finds that the annual income of both parties is relatively the same and that parents share the expenses and care of the Minor Child. Therefore, pursuant to Ohio Revised Code Section 3119.82, the Court hereby finds both parties are entitled to claim the Minor Child as a dependent for all tax purposes in alternating years, commencing with Mother for odd numbered tax years and Father for even numbered tax years.

(8/11/17 J.E.)

{¶10} Appellant filed a timely appeal presenting two assignments of error.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT PLAINTIFF'S ANNUAL GROSS INCOME FROM EMPLOYMENT FOR CHILD SUPPORT CALCULATION WAS TWENTY-SIX THOUSAND ONE HUNDRED TWELVE DOLLARS ($26,112.00) AS SET FORTH IN THE COURT'S ATTACHED WORKSHEET TO THE AUGUST 11, 2017 JUDGMENT ENTRY.

{¶11} In her first assignment of error Appellant raises two issues. First, she claims the trial court erred because it failed to utilize the correct calculation in determining Appellee's income and abused its discretion in adjusting this figure for child support calculation purposes. Second, the amount of income calculated by the court for

Appellee in 2016 is not supported by the evidence because the court failed to include all disallowed deductions into its calculation. Appellee maintains that the magistrate's decision was based on a clerical error and the trial court correctly adjusted his income to reflect the accurate total pursuant to Civ.R. 60(A). Appellee also asserts that all disallowed deductions were rolled back into Appellee's income and no further modifications are required.

{¶12} An appellate court may reverse a trial court's modification of a magistrate's decision only if it finds the modification amounts to an abuse of discretion. See *Arrow Fin. Servs. v. Kuzniak,* 7th Dist. No. 06 MA 133, 2007-Ohio-2191 citing *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (1996). In order to find an abuse of discretion, a reviewing court must find that a trial court's decision was arbitrary, unconscionable or unreasonable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} Appellee alleged to the trial court that the magistrate's decision was based on a clerical error and filed his objections pursuant to Civ.R. 60(A), which reads in pertinent part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.

{¶14} "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Blust v. Lamar Advertising of Mobile, Inc.,* 183 Ohio App.3d 478, 2009-Ohio-3947, 917

Case No. 17 MA 0124

N.E.2d 373, at ¶ 20 quoting *State ex rel. Litty v. Leskovyansky,* 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996), superseded by rule on other grounds.

{¶15} When computing child support payments, the trial court must calculate the parties' annual gross income utilizing the worksheet provided for in R.C. 3119.022. "Gross income" includes "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay and bonuses * * * and all other sources of income." R.C. 3119.01(C)(7). As Appellee is self-employed, R.C. 3119.01(C)(13) applies. It states:

> "Self-generated income" means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. "Self-generated income" includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses.

{¶16} In the trial court's judgment entry there is no mention of Civ.R. 60(A) nor is there mention of clerical errors contained within the magistrate's decision. There is no itemized listing of disallowed deductions or evidence that a separate calculation was done by the trial court. The judgment entry states, in pertinent part, "[t]he Court reviewed the evidence and case law and hereby finds that [Appellee] is entitled to an adjustment in child support. See attached worksheet incorporated herein and marked

Case No. 17 MA 0124

as Exhibit A." (8/11/17 J.E., p. 1.) The attached child support worksheet lists Appellee's income at $26,112. Appellant did not file a transcript of the hearing regarding the objections to the magistrate's decision. In the absence of a transcript, this Court must presume regularity in the trial court proceedings. *Grenga v. Ohio Edison Co.,* 7th Dist. No. 03 MA 41, 2004-Ohio-822, ¶ 14.

{¶17} A party claiming a business expense has the burden of providing suitable documentation to establish the expense. A trial court is not required to accept all business expenses that party claims to have deducted as ordinary and necessary business expenses incurred in generating gross receipts. *Houts v. Houts,* 99 Ohio App.3d 701, 706, 651 N.E.2d 1031 (3d Dist.1995). Further, an income tax return is not the only suitable evidence of a party's income or expenses. *Id.*

{¶18} The record in the instant matter contains claims by Appellee that he incurred legitimate business expenses. These were considered during the hearing before the magistrate. The magistrate apparently was not convinced that all of the business deductions listed in Appellee's tax statement and profit and loss statement for his business reflected "ordinary and necessary" business expenses incurred in generating gross receipts. The magistrate held that for tax years 2015 and 2016, Appellee deducted such expenses as daycare, child support, a house payment, and an expense simply listed as "household," none of which are even nominally business expenses incurred in generating gross receipts for his landscaping company.

{¶19} The magistrate's decision set forth a formula by which it calculated Appellee's income for child support purposes. Appellee's stated gross income for 2016 was $14,775.50. The magistrate rolled back into that amount the disallowed deductions

improperly listed as business expenses, including $4,800 in child support, $1,354 for daycare, a house payment of $750; and the line item entitled "household" in the amount of $3,093.77. The sum of those items is $9,997.77. The court also included one-half of the profit from a separate fertilizer business, which was $1,340.42. Thus, Appellee's stated income, the disallowed deductions and Appellee's profit from the fertilizer business were added together to reflect Appellee's income for child support calculation purposes. The magistrate calculated that total at $32,347.48. However, the actual sum of those three figures is $26,113.69. It was from this error in mathematical calculation that Appellee filed his objections pursuant to Civ.R. 60(A).

{¶20} Appellant contends the magistrate intended the inclusion of additional disallowed deductions to be rolled into Appellee's income, but this contention is not supported in either the magistrate's entry or in the transcripts of the magistrate's hearing. The trial court, after a hearing on Appellee's objections, issued its judgment entry setting Appellee's income at $26,112.00. This is almost identical to the actual total of the figures contained in the magistrate's decision. Without more explanation from the trial court in its judgment entry, and without a transcript of the objection hearing, this Court must presume that the trial court reviewed the magistrate's decision, agreed with the inclusion of the disallowed deductions, and corrected Appellee's income accordingly. Although Appellant contends the trial court did not utilize the proper statute in calculating Appellee's income, there is nothing in this record to support this contention. In fact, the trial court's calculation appears to amount to a correction of the scrivener's error made by the magistrate. Based on the record before us, the trial court

did not abuse its discretion in determining Appellee's gross income.  Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING THE INCOME TAX DEPENDENCY EXEMPTION TO BOTH PARTIES IN ALTERNATING YEARS.

{¶21} Appellant argues that the trial court erred in modifying the decision of the magistrate to award the income tax dependency exemption to Appellant, and instead to award the exemption to both Appellee and Appellant on alternating years.  Appellant contends that, as she is an hourly employee with a steady income who receives a W-2 form from her employer, she is better suited to realize the benefit of the exemption than Appellee, who is self-employed and whose income fluctuates.  Appellant seeks either a reversal of the trial court's order or a remand ordering the court to conduct an evidentiary hearing considering the statutory factors found in R.C. 3119.82.  Appellee states that the trial court was correct in determining that both parties have relatively similar incomes and both share in the expenses of the child under the shared parenting plan.  Thus, the tax exemption should properly alternate between the parties.

{¶22} We review the trial court's determination of which parent may claim the minor child as a dependent for federal income tax purposes under an abuse of discretion standard.  *In re J.H.,* 7th Dist. No. 10 JE 15, 2011-Ohio-6536, ¶ 13.  R.C. 3119.82 governs the allocation of the tax dependency exemption.  It reads, in pertinent part:

Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶23} The magistrate determined that: "Pursuant to Revised Code 3119.82, Mother shall be entitled to claim all of the minor children as dependents for all tax

purposes commencing with tax year 2017. The Court notes that no argument was presented at Trial relative to the tax exemption for the Minor Child." (6/19/17 Magistrate's Decision, p. 6.)

{¶24} In his objections to the magistrate's decision and in his appellate brief, Appellee contends that the magistrate did not state that the parties agreed on the exemption and, as no testimony was provided on the issue, the magistrate had no basis on which to award the exemption to Appellant. In the alternative, Appellee argues that as the parties have similar incomes, the exemption should alternate between them. Appellee also argues that it is in the best interest of the child for him to receive the exemption because Appellant has the ability to claim her other child for tax purposes, which will "relieve the financial stress and burden placed on [Appellee] and will allow him to further benefit the child in the future." (7/3/17 Objections to Magistrate's Decision, p. 5.)

{¶25} On appeal, Appellant contends there is a presumption in favor of the income tax dependent exemption being given to the residential parent and that she spends more parenting time with the minor child despite the shared parenting agreement. Appellant argues that Appellee presented no evidence to rebut this presumption or to establish that it was in the best interest of the child for him to receive the tax exemption.

{¶26} In its judgment entry after a hearing on the objections, the trial court allocated the exemption as follows:

> The Court further finds that the annual income of both parties is relatively
>
> the same and that parents share the expenses and care of the Minor

Child. Therefore, pursuant to Ohio Revised Code Section 3119.82, the Court hereby finds both parties are entitled to claim the Minor Child as a dependent for all tax purposes in alternating years, commencing with Mother for odd numbered tax years and Father for even numbered tax years.

(8/11/17 J.E.)

{¶27} The parties' respective arguments relative to the tax exemption issue are not as clearly dispositive as they claim. Appellant cites to *Singer v. Dickinson,* 63 Ohio St.3d 408, 588 N.E.2d 806 (1992) for the contention that a presumption exists that the dependency tax exemption belongs to the residential parent. This is not accurate. In *Singer*, the Ohio Supreme Court acknowledged that the trial court has continuing jurisdiction over the tax exemption issue and the IRS Code does not preempt a state court's ability to allocate tax dependency exemption to a noncustodial parent. *Id.* at paragraph one of syllabus. However, as Appellant admits, she and Appellee entered into a shared parenting agreement and both are designated as residential parents under the terms of that agreement. Despite Appellant's assertion that she has more parenting time, both are considered residential parents.

{¶28} Appellee argues that the tax exemption status should be shared by the parties, claiming that this is in the best interest of the child because it will relieve a financial burden on Appellee caused by having to pay his child support obligation. Notwithstanding this tenuous argument that improving his finances in this manner translates to the best interest of the minor child, the trial court did not abuse its discretion in ordering the dependency exemption to alternate between the parties.

Case No. 17 MA 0124

{¶29} Both parents are residential parents. Moreover, by their own assertions, they have relatively similar incomes once the court made the determination as to Appellee's income. Factors the trial court considers when the parents do not agree on the exemption are enumerated within R.C. 3119.82 and include:

> [N]et tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶30} In its judgment entry, it is clear the trial court reviewed the gross incomes of both parties, which are less than $1,000 apart annually. The court also considered the shared parenting agreement and its effect on the amount of parenting time and expenses incurred by each parent. These are both appropriate statutory factors. R.C. 3119.82 contains no requirement that the trial court provide its reasoning on the record when making its determination regarding the tax exemption. The record must contain financial information of the parties to support the trial court's findings regarding allocution of the exemption. See *Streza v. Streza,* 9th Dist. No. 05CA008644, 2006-Ohio-1315; *Batcher v. Pierce*, 2015-Ohio-2130, 35 N.E.3d 904 (9th Dist.). This record is replete with evidence regarding the financial status of both parties. The hearing before the magistrate was held solely in regard to the financial data of both parties, including testimony as to employment, tax returns, and the profit and loss statements from Appellee's self-employment. Although there is no transcript from the hearing on the objections to the magistrate's decision, we presume the trial court relied on the

financial data of record. The decision of the trial court to alternate the tax exemption between the parties is supported by the record and is in accordance with the factors enumerated in R.C. 3119.82. Appellant's second assignment of error is without merit and is overruled.

**{¶31}** Based on the foregoing, Appellant's assignments of error are without merit and the judgment of the Mahoning County Court of Common Pleas, Juvenile Division, is affirmed in full.

Donofrio, J., concurs.

Robb, P.J., concurs.

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**