OPINION
{¶ 1} Plaintiff-appellant, Jeffery D. Kitchen, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, determining his amount of child support. We affirm the decision of the trial court.
 {¶ 2} Appellant and defendant-appellee, Beth Ann Kitchen, were divorced on October 31, 2000. Two children were born of the marriage. One of the parties' minor children, Grace, was born with cerebral palsy, and she sees a pediatric neurologist for chronic "CMV virus," encephalopathy, and epilepsy. Grace has extensive medical needs. She is unable to walk and is in a wheelchair. Her mother must bathe Grace, feed her, medicate her, and change her diapers. As a result, the mother stays at home so she can provide for Grace's daily care. In the divorce decree, appellant was ordered to pay child support in excess of the guideline amount because of Grace's medical needs.
 {¶ 3} On June 7, 2001, the trial court ordered the Butler County Child Support Enforcement Agency ("CSEA") to adjust appellant's support account to reflect a credit paid on a vehicle and a second mortgage. The trial court also ordered an audit of the account.
 {¶ 4} In August 2001, the CSEA issued findings from the account audit. The CSEA simply calculated support without the deviations previously granted by the trial court. The mother objected to the administrative modification of child support. The trial court rejected the CSEA modification on December 24, 2001 and reaffirmed and reinstated the prior calculation of support with the deviation. However, the trial court failed to record the proceedings and the decision was determined not to be a final appealable order and an appeal filed by appellant was dismissed for lack of a transcript.[1]
 {¶ 5} A rehearing was held on February 2002. In a decision entered on March 22, 2002, the court "ordered that the objections were found well taken and are granted. The reasons for the deviation remain. The Plaintiff [appellant] provided little or no child care for the minor child, and it would be inappropriate for Mrs. Kitchen to work outside the home." Thus, the trial court concluded that "[appellant's] child support shall remain in the same amount as ordered in the decree of divorce filed herein on October 31, 2000." On December 3, 2002, the trial court filed an entry which states, "[t]he Court affirms its prior order of child support and reinstates, if necessary, the court's order."
 {¶ 6} Appellant appeals the trial court's December 3, 2002 decision to continue child support in the amount ordered in the divorce decree. Appellant raises a single assignment of error:
 {¶ 7} "The Domestic Relations Court erred in overturning the recommendation of child support issued by Butler County CSEA."
 {¶ 8} Appellant argues that "in cases where the court deviates from state guidelines for the amount of child support it is required to list specific findings of fact and an economic basis supporting that determination." Appellant maintains that "the court issued no such facts and established no such basis for devia-tion from the state guidelines."
 {¶ 9} As a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment. See Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} In his pro se brief, appellant cites as controlling, "R.C. 3113.215(B)(1)." However, R.C. 3113.215 was repealed effective March 22, 2001. We note that the Revised Code Section regarding deviation from the basic child support schedule is R.C.3119.22.
 {¶ 11} When calculating child support, a court must use the worksheet set forth in R.C. 3119.22 combined with the basic schedule set forth in R.C. 3119.21. The initial calculation produces a rebuttable presumption of the proper amount of child support. R.C. 3119.03; Marker v. Grimm (1992),65 Ohio St.3d 139, 141. Pursuant to R.C. 3119.22, the court may order a deviation from the guideline amount after considering the factors in R.C. 3119.23. These factors include any special and unusual needs of the children and the physical and emotional condition and needs of the child. R.C. 3119.23(A) and (M).
 {¶ 12} If the court deviates, it must enter three items in the journal: (1) the amount of child support calculated pursuant to the schedule and worksheet through the line establishing the actual annual obligation; (2) its determination that the presumed amount would be unjust or inappropriate and would not be in the best interests of the child; and (3) findings of fact supporting that determination. R.C. 3119.22. See, also, Marker,65 Ohio St.3d at 143.
 {¶ 13} Since guideline support is a rebuttable presumption, it is the trial court's function to determine whether or not the CSEA computation is in fact the appropriate amount, and if not, to determine the appropriate amount. Valentine v. Valentine
(Sept 3, 1993) Muskingum App. No. CA92-40. The trial court determined on March 10, 2000, that "the application of the child support guidelines in this case would be inappropriate, unjust, inequitable and not in the best interest of the minor children for the reasons * * * which follow. There shall be a deviation from the child support guidelines. [Appellant's] calculated support of $907.35 per month for both children (including poundage) shall have added to it the sum of $600 plus poundage of 2% for a total of $612."
 {¶ 14} The court reasoned that, "[t]his amount will assist Mrs. Kitchen in paying for uncovered medical, surgical, dental, optical and prescriptive needs she has already incurred and afford her the ability to retain someone to assist in child care. The child support order shall be in the sum of $1,519.35 per month for both children."
 {¶ 15} The March 22, 2002 entry states, "[t]he reasons for deviation remain. The Plaintiff [appellant] provided little or no child care for the minor child, and it would be inappropriate for Mrs. Kitchen to work outside the home." Furthermore, the December 3, 2002 entry which appellant appeals from states, "[t]he Court affirms its prior order of child support and reinstates, if necessary, the court's order."
 {¶ 16} In the cause sub judice, the trial court exercised its discretion in formulating the award of child support by deviating from the Child Support Guidelines. The amount of child support calculated pursuant to the schedule and worksheet through the line establishing the actual annual obligation is entered in the journal. The trial court determined that the guideline amount would be unjust or inappropriate and would not be in the best interests of the child. The trial court supported that determination by finding that appellant provided little or no childcare for the minor child, the minor child had extensive medical needs, and because of the child's needs it would be inappropriate for Mrs. Kitchen to work outside the home. Having exercised its inherent discretion in a manner that was beneficial to the interests of the children involved, the trial court cannot be said to have abused its discretion as alleged by appellant.
 {¶ 17} Upon a careful review of the facts and circumstances of this cause, we find that the child support order herein was proper in all respects, and was not unreasonable, arbitrary or unconscionable. Accordingly, the assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Young and Powell, JJ., concur.
[1] Pursuant to App.R. 9(B), it is appellant's responsibility to provide this court with a transcript which is adequate. Without a transcript, the appeals court was unable to make a determination on the errors assigned for review.