OPINION
{¶ 1} In this accelerated calendar appeal, appellant, Kurt Andrew Barto, timely appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, entered on April 21, 2003. This judgment entry modified a prior child support order and required appellee, Christine M. Barto, to pay appellant a total of $240 per month for child support.
 {¶ 2} The parties were married on July 2, 1988, and had three children born of the marriage: Lea, born in 1991; Bradley, born in 1993; and Curtis, born in 1994. Appellant filed a complaint for divorce on January 23, 1998. The parties entered into a shared parenting agreement whereby appellant was awarded residential custody of the three children.
 {¶ 3} In the original child support proceeding, the magistrate calculated the amount of child support appellee was to pay appellant. That amount was offset, pursuant to Luke v. Luke, and appellee's child support obligation ultimately totaled $2.89 per month, per child.[1] InLuke, this court concluded that under a shared parenting agreement, where both parents may be required to pay child support, one obligation may be offset from the other, rather than establishing two separate support orders.[2]
 {¶ 4} In the instant case, the magistrate elected to deviate upwards from the nominal support order and ordered appellee to pay $150 per month, per child, in child support. Appellee appealed that order. This court concluded in an opinion issued December 7, 2001, that the trial court did not abuse its discretion in deviating upward to $150 per child, per month.[3]
 {¶ 5} Appellee filed a motion to modify the child support order on September 28, 2001, two months before this court issued its opinion on the previous support order. In her motion, appellee contended there had been a change in circumstances warranting a modification of the order. Specifically, she alleged the previous order was based on her retirement fund valued at $175,000 and did not account for the depletion of that account which, at that time, had a balance of $71,000. She also alleged she now spent more time watching the children than was originally set forth in the shared parenting agreement.
 {¶ 6} A hearing on her modification request was held before a magistrate. The magistrate's decision, issued November 6, 2002, stated that the previous basis for the upward deviation in the support order no longer applied. Namely, appellee was now watching the children all day in the summer and the amount of her parenting time had risen from 28 percent of the time to 38.2 percent. Moreover, appellant's annual income had risen significantly by $7,000 and his fiancée was now living with him and sharing in the living expenses. Also, the upward deviation was an attempt to maintain the children's standard of living and was no longer necessary due to the increase in appellant's income and the income of his fiancée. In addition, the magistrate concluded that the child support computation worksheet showed appellee would have to pay $277.21 per child, per month and that figure was excessive and unreasonable. Finally, the magistrate concluded because of the increase in appellee's parenting time and the increase in appellant's income, the previous upward deviation of $150 was not necessary. Thus, the magistrate recommended the support order be reduced to $75 per child, per month.
 {¶ 7} Appellant filed objections to the magistrate's decision. The trial court issued a judgment entry, dated April 25, 2003, modifying the magistrate's decision. The court found the magistrate erred in concluding that there was a deviation in the shared parenting plan, as appellee was originally to provide daycare during the summer while appellant was working and appellee's parenting time remained steady at 28 percent. The trial court adopted the magistrate's findings regarding appellant's increased income and shared living expenses with his fiancée. Thus, the court concluded the child support computation worksheet showed appellee paying $276.08 per child, per month, which was unjust, inappropriate, and not in the children's best interest. Therefore, the trial court ordered appellee to pay $80 per child, per month.
 {¶ 8} Appellant subsequently filed this timely appeal, presenting a single assignment of error:
 {¶ 9} "The trial court erred in modifying child support."
 {¶ 10} In his assignment of error, appellant contends that there was no change of circumstances that warranted a modification of the previous support order. We begin by noting the appropriate standard of review. In matters that involve child support, an appellate court must not disturb the judgment of the trial court absent an abuse of discretion.[4]
 {¶ 11} Before modifying an existing child support order, the trial court must determine whether there has been a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order.[5]
 {¶ 12} In calculating a child support order, the court may deviate from the amount calculated using the child support schedule.[6] R.C.3119.22, governing deviation from the child support order, reads, in pertinent part:
 {¶ 13} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child."
 {¶ 14} Thus, the trial court may deviate from the amount calculated using the child support schedule if it finds that the amount is unjust or inappropriate and would not be in the best interest of the child. If the court finds that a deviation is warranted, it must set forth its determination and findings of fact supporting that determination in the judgment entry.[7] However, prior to determining whether the court can deviate from the child support schedule, the trial court must determine whether a substantial change of circumstances has occurred that warrants a modification of the child support order.[8]
 {¶ 15} In the instant case, the trial court concluded that a deviation from the child support schedule calculated was warranted for several reasons. Specifically, the court concluded: (1) appellant's income had risen since the prior order; (2) appellant's fiancée now lived in the home and contributed to living expenses; (3) appellee continued to provide daycare for appellant, which the court valued at $8,256 annually; and (4) because of the increase in appellant's income, the children's standard of living would not suffer, which was the basis for the original upward deviation.
 {¶ 16} Despite these findings regarding a deviation from the child support schedule, nothing in the record and nothing in the trial court's judgment entry demonstrates that a change of circumstances not contemplated by the parties occurred from the time of the previous child support order. Moreover, the trial court failed to make a specific finding that a change in circumstances had, in fact, occurred and, without making such a finding, abused its discretion in modifying the previous order.
 {¶ 17} Therefore, we conclude the trial court abused its discretion in modifying the existing child support order without finding a substantial change in circumstances had occurred, warranting the modification.
 {¶ 18} Appellant's assignment of error is with merit.
 {¶ 19} Based on the foregoing, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is reversed, and the matter is remanded for proceedings consistent with this opinion.
Ford, P.J., Rice, J., concur.
[1] Luke v. Luke (Feb. 20, 1998), 11th Dist. No. 97-L-044, 1998 Ohio App. LEXIS 647.
[2] Id. at *16-17.
[3] Barto v. Barto, 11th Dist. No. 2000-L-122, 2001-Ohio-8742.
[4] Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390.
[5] Maio v. Maio (Aug. 31, 2001), 11th Dist. No. 2000-L-073, 2001 Ohio App. LEXIS 3927, at *7-8.
[6] See R.C. 3119.22.
[7] Id.; See, also, Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph three of the syllabus; Kitchen v. Kitchen, 12th Dist. No. CA2002-12-298, 2004-Ohio-1189, ¶ 11.
[8] Slotta v. Slotta (July 28, 1989), 11th Dist. No. 13-081, 1989 Ohio App. LEXIS 2983, at *15-16.