OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Gina Kral. Appellee, Patrick Kral, has not filed an appellate brief. Appellant appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court denied appellant's motions to terminate the shared parenting plan and to modify the child support award.
 {¶ 2} The parties were married in September 1995. The marriage produced one child, Halle, who was born in 1999.
 {¶ 3} In August 2003, a judgment entry of divorce and a judgment entry for shared parenting were entered. Together, among other matters, these documents granted the parties a divorce, set the amount of parenting time, and ordered appellee to pay child support. Both parties were designated as the residential parents and legal custodians of Halle, with appellant being designated as the residential parent for school purposes. The shared parenting plan allocated appellee's visitation as alternating weekends, Monday and Thursday evenings, and Saturdays of appellant's weekend, if appellant was working.
 {¶ 4} At the time of the divorce, appellee was earning $75,000 per year and appellant was earning $17,000 per year. The child support guidelines indicated appellee should pay child support in the amount of $979.41 per month. However, the parties agreed that a deviation in the amount of $79.41 per month was appropriate, as appellee would be providing in-kind contributions to Halle in the amount of $79.41 per month. Thus, appellee was ordered to pay child support in the amount of $900 per month.
 {¶ 5} On January 15, 2005, appellant filed a motion to terminate the shared parenting plan and to designate her as the sole residential parent and legal custodian of Halle. In addition, this motion sought to modify the child support award.
 {¶ 6} A hearing was held on appellant's motion before the magistrate. At the beginning of the hearing, the parties stipulated that appellee would no longer exercise his Thursday visitation and appellee's weekend visitation time would end at 6:00 p.m. on Sundays instead of 7:00 p.m.
 {¶ 7} Following the hearing, the magistrate issued a decision recommending that appellant's motion be denied. Appellant filed objections and supplemental objections to the magistrate's decision. The trial court overruled appellant's objections and supplemental objections. In addition, the trial court denied appellant's motions to terminate the shared parenting plan and to modify the child support award.
 {¶ 8} Appellant raises two assignments of error. Her first assignment of error is:
 {¶ 9} "Whether the trial court erred in denying appellant-mother's motion to terminate the shared parenting plan in spite of evidence that father unilaterally changed the location for the exchange of the minor child, communication between the parties has deteriorated substantially and husband's new wife was interfering at the exchange point."
 {¶ 10} A trial court is afforded wide latitude in determining whether a change in circumstances has occurred that warrants a change in the custody of minor children.[1] Accordingly, such a decision will not be reversed unless there is a showing of an abuse of discretion.[2] "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[3]
 {¶ 11} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 12} "* * *
 {¶ 13} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."[4]
 {¶ 14} "Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change. The nomenclature is not the key issue. As the Wyss court aptly stated:
 {¶ 15} "`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'"[5]
 {¶ 16} Appellant argues that there was a change of circumstances because appellee changed the pick-up and drop-off location of Halle. The shared parenting plan provided that appellee should pick up Halle from day care. However, in the summer months, appellant's fiancé watched Halle. Appellant sought a strict reading of the shared parenting plan, which would have required appellee to pick up Halle from her residence, as that was where she was being watched. Appellee decided that a McDonald's restaurant near Route 44 would be the exchange point. This was done to avoid the parties having to go to the other's home.
 {¶ 17} Changing the pick-up location of the parties' child did not constitute a change of circumstances. This was not a "change of substance." Appellee testified the McDonald's restaurant was chosen because of confrontations that occurred at appellant's residence between appellant and himself as well as appellant and his new wife. The trial court agreed that a neutral location was in the best interest of the child, and ordered that the McDonald's restaurant be used as the exchange point. The trial court did not abuse its discretion by failing to find that the change of the exchange point for visitation constituted a "change of circumstances," as described in R.C. 3109.04(E).
 {¶ 18} Appellant makes a brief argument that the shared parenting plan is not in the best interest of Halle. The question of whether there is a change of circumstances is a threshold inquiry.[6] This is because a trial court need not move on to the best interest of the child inquiry if it finds that there has not been a change in circumstances.[7] In this matter, the trial court did not address the best interest prong of R.C.3109.04(E), because it found that there had not been a change of circumstances. Likewise, on appeal, we will not consider the best interest prong, as we have concluded the trial court did not abuse its discretion by finding that there had not been a change of circumstances.
 {¶ 19} The trial court did not abuse its discretion in denying appellant's motion to terminate the shared parenting plan.
 {¶ 20} Appellant's first assignment of error is without merit.
 {¶ 21} Appellant's second assignment of error is:
 {¶ 22} "Whether the trial court erred to the prejudice of the appellant when it refused to modify child [support.]"
 {¶ 23} A trial court's determination regarding child support will not be disturbed without a showing of an abuse of discretion.[8]
 {¶ 24} In this matter, appellant requested the trial court modify an existing order of child support.
 {¶ 25} In order to modify an existing order of child support, there must be a change of circumstances that was not contemplated at the time of the original order.[9] A change of circumstances occurs, as a matter of law, if the recalculated child support obligation differs by more than ten percent from the original support order.[10] Thus, "[w]hen the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C.3113.215(B)(4) in the child support guidelines and the standards set out in Marker v. Grimm."[11], [12] Since theDePalmo decision, R.C. 3113.215 has been repealed and recodified as R.C. 3119.79, but the substance of the statute has not changed.[13]
 {¶ 26} The trial court recalculated the child support obligation pursuant to the child support guidelines. After completing the calculations, the trial court concluded that appellant's recalculated annual child support obligation of $11,395.57 was actually $126.94 less than the prior order of $11,522.51. Since there was less that a ten percent difference, the trial court found that there was not a change of circumstances.
 {¶ 27} Initially, we address how appellee's total child support obligation could be less in light of the fact that he is earning a higher salary. First, appellant's income has also increased. Accordingly, the percentage of the combined annual income attributable to appellee is not as high as it would have been without an increase in appellant's income. In addition, we note the child-care expenses have decreased from $3,279 to $1,718.06. This reduced appellee's obligation for child-care expenses from $2,671.07 to $1,432.86.
 {¶ 28} We will now address appellant's specific arguments regarding her motion to modify the child support order.
 {¶ 29} Appellant contends that the trial court did not consider her day-care expenses. We disagree. The magistrate's decision specifically considered the money spent by appellant on day care and factored that figure into the child support calculations. Appellant asserts that the trial court should have adjusted the figure to represent a $5-per-hour proposed fee for her mother when she watches Halle. However, the magistrate noted that appellant's mother frequently watches Halle at no cost. We do not consider it to be an abuse of discretion to not include a hypothetical expense to appellant's mother as a day-care expense. This is especially true when the maternal grandmother has regularly watched Halle at no charge.
 {¶ 30} Appellant argues the amount of child support should be increased because appellee has "unilaterally" reduced the amount of parenting time. First, we note that the parties stipulated that the parenting time would be reduced. Further, the reduction was for Thursday evenings and one hour on Sundays, due to the earlier drop-off time. The trial court did not abuse its discretion by failing to adjust the child support calculations because appellee's parenting time has decreased by a few hours a week.
 {¶ 31} In the original shared parenting plan, the parties agreed the child support should be deviated downward $79.41 per month, to reflect in-kind contributions from appellee. The trial court noted that no evidence was presented at the modification hearing to suggest that appellee is no longer providing these in-kind contributions. Thus, the trial court continued to apply this deviation.
 {¶ 32} Appellant asserts the trial court erred by calculating her tip income into the child support calculations. We disagree. Appellee testified that appellant made about $300 per month in tips at her job as a hairdresser while they were married. Appellant testified that she makes $0 to $40 per day in tips. The trial court factored in $100 per week into appellant's income to represent tips. This was a fair determination based on the evidence presented.
 {¶ 33} The trial court did not abuse its discretion by denying appellant's motion to modify child support.
 {¶ 34} Appellant's second assignment of error is without merit.
 {¶ 35} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph two of the syllabus.
[2] Id. at 418, citing Miller v. Miller (1988),37 Ohio St.3d 71, 74.
[3] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[4] R.C. 3109.04(E)(1)(a).
[5] (Emphasis in original.) Davis v. Flickinger,77 Ohio St.3d at 418, quoting Wyss v. Wyss (1982), 3 Ohio App.3d 412,416.
[6] Coe v. Schneider, 4th Dist. No. 05CA26, 2006-Ohio-440, at ¶ 16.
[7] See, e.g., Smith v. Smith (July 26, 2000), 4th Dist. No. 00 CA 07, 2000 Ohio App. LEXIS 3541, at *13.
[8] Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144.
[9] Barto v. Barto, 11th Dist. No. 2003-L-070, 2005-Ohio-823, at ¶ 11, citing Maio v. Maio (Aug. 31, 2001), 11th Dist. No. 2000-L-073, 2001 Ohio App. LEXIS 3927, at *7-8.
[10] R.C. 3119.79. See, also, Maio v. Maio, at *7.
[11] Marker v. Grimm (1992), 65 Ohio St.3d 139.
[12] DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus.
[13] Maio v. Maio, supra, at *7, fn. 2.