[Cite as *Brose v. Copeland*, 2013-Ohio-3399.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

MICHELLE BROSE,

     PLAINTIFF-APPELLANT,             CASE NO.  13-13-08

     v.

TRAVIS COPELAND,                   O P I N I O N

     DEFENDANT-APPELLEE.

Appeal from Seneca County Common Pleas Court
Juvenile Division
Trial Court No. 21170250

Judgment Affirmed

Date of Decision:   August 5, 2013

APPEARANCES:

     *John C. Filkins*  for Appellant

     *Kent D. Nord*  for Appellee

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Michelle Brose, appeals the judgment of the Court of Common Pleas of Seneca County, Juvenile Division, denying her request for a modified child support order. On appeal, Brose argues that the trial court should have modified the child support order because there was allegedly a change in circumstances due to an increase in the income of Defendant-Appellee, Travis Copeland. For the reasons that follow, we affirm the trial court's judgment.

{¶2} Brose and Copeland were never married. They have a child, G.B., who was born in April 2011. In July 2011, the Seneca County Child Support Enforcement Agency issued an administrative order for child support. The order included an administrative calculation worksheet that showed Brose with an adjusted gross income of $41,649.02 and Copeland with an adjusted gross income of $19,285.68 for 2011. The worksheet did not include any documents, such as pay stubs, to indicate how the CSEA calculated the parties' incomes. The order obligated Copeland to pay approximately $345.00 per month in child support and approximately $80.00 per month for cash medical support.

{¶3} In early August 2011, Copeland, a reservist in the National Guard, informed Brose that he was being deployed to Afghanistan. Brose responded by filing a motion for modification of the child support order on August 25, 2011. Subsequently, Copeland filed motions regarding parental rights, Brose's purported violation of his parenting time, and the possibility of a name change for G.B.

{¶4} On December 29, 2011, a magistrate conducted a hearing on temporary orders regarding Copeland's parenting time. The parties did not offer evidence regarding Brose's motion for a child support modification at that time. Rather, to accommodate Copeland's overseas deployment, the magistrate continued the hearing to October 1, 2012. At the hearing, the following relevant evidence was adduced.

{¶5} Copeland testified at length regarding his compensation. For most of 2011, he received a weekly unemployment benefit of $387.00. However, after assuming active duty in September 2011, Copeland's compensation increased dramatically. He also received additional compensation for serving in a hostile region. During his service overseas, Copeland's compensation peaked at approximately $2,550.00 for every two weeks. He testified that his active deployment ended in August 2012 and that he did not expect to be called again for active duty in the future. After returning from active duty, Copeland was unemployed and received a weekly unemployment benefit of $485.00.

{¶6} Brose testified that she worked 36 hours a week as a nurse and that she was paid approximately $24.00 per hour. Brose also indicated that she pays $183.00 per pay period to obtain health insurance for her, G.B., and her other child and that she pays approximately $120.00 per week to her mother and a babysitter for child care. Brose did not offer any documentary evidence, such as pay stubs or

receipts, to corroborate her testimony regarding her income, health insurance costs, and child care expenses.

{¶7} On October 5, 2012, the magistrate issued a decision denying Brose's motion for a modified child support order. The magistrate found that Brose failed to properly verify her testimony regarding her day care expenses, insurance costs, and income, which precluded the magistrate from properly calculating a revised support amount. The magistrate also found that Copeland's increased income for his active duty service was nonrecurring income and thus excluded from his gross income. Accordingly, the magistrate concluded that there was no change in circumstances justifying a modified support order.

{¶8} On October 18, 2012, Brose filed her objections to the magistrate's decision. She filed supplemental objections on January 23, 2013. On March 4, 2013, the trial court overruled Brose's objections. It similarly found that there was no basis for a modified order since Brose failed both to provide documentation of her income and expenses and to prove that there was a change in circumstances.[1]

{¶9} Brose filed this timely appeal, presenting the following assignment of error for our review.

---

[1] The trial court also relied on R.C. 3109.04(I) in finding that there was no change in circumstances. This statute provides, in relevant part, that "[t]he court shall not find past, present, or possible future active military service in the uniformed services to constitute a change in circumstances justifying *modification of a prior decree pursuant to division (E) of this section*." (Emphasis added.) R.C. 3109.04(I)(2). The trial court's reliance on R.C. 3109.04(I)(2) in this matter was improper because the statute only applies to the modification or termination of shared parenting plans under R.C. 3109.04(E), which was not requested or at issue here. By its plain terms, the statute does not cover the modification of child support orders pursuant to R.C. 3119.79(A), which is the statute implicated here.

## *Assignment of Error*

**THE TRIAL COURT ERRED AS A RESULT OF ITS FAILURE TO ORDER A MODIFICATION OF CHILD SUPPORT FOR THE TIME PERIOD IN WHICH THE DEFENDANT WAS IN THE ACTIVE MILITARY AS WELL AS THE TIME PERIOD FOLLOWING HIS RELEASE THEREFROM.**

{¶10} In her sole assignment of error, Brose argues that the trial court erred in failing to find that there was a substantial change in circumstances supporting the modification of Copeland's child support obligation. Specifically, Brose argues that the trial court improperly found that she failed to provide the necessary documentation regarding her income and that Copeland's pay for his active duty military service was nonrecurring income. Brose also asserts that the trial court should have considered the change in Copeland's unemployment compensation when determining whether a change in circumstances existed to support the modification of the child support order. We disagree.

## *Standard of Review*

{¶11} Since trial courts are vested with broad discretion in deciding whether to modify a child support order, *Woloch v. Foster*, 98 Ohio App.3d 806, 810 (2d Dist. 1994), we review a trial court's ruling on a child support modification request for an abuse of discretion, *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). A trial court abuses its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*,

2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶ 17-18. When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*R.C. 3119.79*

**{¶12}** R.C. 3119.79 controls the modification of child support orders, and provides, in pertinent part, as follows:

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

R.C. 3119.79(A). Pursuant to the terms of the statute, "[a] court may only modify an existing child support order if there is a substantial change of circumstances." *Green v. Tarkington*, 3d Dist. Mercer No. 10-10-02, 2010-Ohio-2165, ¶ 13. The requisite change in circumstances exists wherever the newly calculated "child

support amount deviates from the existing order by at least ten percent * * *."[2] *Id*; *accord Fox v. Fox*, 3d Dist. Hancock No. 5-03-42, 2004-Ohio-3344, ¶ 13 ("A difference of ten per cent from the amount of the current child support order constitutes a 'change of circumstances' that requires the court to modify the child support order."). The burden of proving a change in circumstances under R.C. 3119.79 rests on the party requesting the modification of the child support order. *Maguire v. Maguire*, 9th Dist. Summit No. 23581, 2007-Ohio-4531, ¶ 14.

### R.C. 3119.05(A)

{¶13} When considering whether a change in circumstances exists so as to merit a modified child support order, a trial court must determine *each* parent's income. *Drummer v. Drummer*, 3d Dist. Putnam No. 12-11-10, 2012-Ohio-3064, ¶ 24. This determination necessarily implicates R.C. 3119.05(A), which requires that, in child support modification proceedings, trial courts verify both parents' incomes "by electronic means or with suitable documents, including, but not limited to, pay stubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for tax returns." The Twelfth District has noted that "[c]ourts have required that a parent must exactly adhere to this requirement and prove their

---

[2] This matter does not involve a voluntary agreement between the parties regarding child support. As such, we must only consider R.C. 3119.79(A)'s 10 percent deviation rule and we need not consider R.C. 3119.79(A)'s dictates in conjunction with R.C. 3119.79(C). *Compare Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, ¶ 30 (stating that trial court must consider both the 10 percent deviation under R.C. 3119.79(A) and substantial change in circumstances under R.C. 3119.79(C) where the original child support order arose from the parties' voluntary agreement).

current income by presenting those documents listed in R.C. 3119.05(A)." *Ornelas v. Ornelas*, 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, ¶ 23, citing *Ellis v. Ellis*, 7th Dist. Mahoning No. 08-MA-133, 2009-Ohio-4964, ¶ 60 ("[P]ursuant to R.C. 3119.05(A) a trial court is restrained to review documents, not testimony, to establish income."); *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 53 (9th Dist.) (same).

{¶14} Further, the failure to comply with R.C. 3119.05(A) precludes a movant from obtaining a modified child support order. For instance, in *Houts v. Houts*, 99 Ohio App.3d 701 (3d Dist. 1995), the trial court granted the divorced husband's motion to modify his child support obligation. In supporting his request, the divorced husband merely submitted a "computer printout reflecting his deposits and withdrawals." *Id*. at 707. This court reversed the trial court's modification of the child support order because the divorced father did not provide the documentation required by former R.C. 3113.215(B)(5)(a), which was the forerunner of R.C. 3119.05(A).[3] *Id*. This is the appropriate result because "'[f]ailure to obtain the necessary financial information [before granting a modified child support order] renders the court's order arbitrary and therefore an abuse of discretion." *Basham* at ¶ 6, quoting *Aiello v. Aiello*, 3d Dist. Seneca No.

---

[3] We have previously recognized that our cases interpreting former R.C. 3113.215 are applicable in cases implicating R.C. 3119.05. *See Basham v. Basham*, 3d Dist. Allen No. 1-02-37, 2002-Ohio-4694, fn. 1 ("The cases cited in this opinion were decided under former R.C. 3113.215. However, the language * * * regarding the verification of earnings is essentially the same as under the new R.C. 3119.05. As such we find these cases are applicable to this issue.").

13-96-12 (Sept. 11, 1996); *see, e.g.*, *id*. at ¶ 8 (reversing trial court's modification of child support order where the trial court did not verify financial information as required by statute); *Aiello*, *supra* (same).

{¶15} Here, Brose offered no documentation of her income in support of her request for a child support modification. This is plainly contrary to the dictates of R.C. 3119.05(A). Due to Brose's failure to comply with R.C. 3119.05(A), the trial court was unable to calculate the necessary child support guidelines and there was no evidence of a change in circumstances. Consequently, Brose did not sustain her burden under R.C. 3119.79 and the trial court was precluded from awarding a modification of the original child support order. The trial court properly addressed Brose's failures by declining to grant her a modified child support order and we find no error in that judgment.

{¶16} Brose invites us to merely consider her testimony as to her income and rely on this testimony, by itself, to find that she provided sufficient documentation of her income. However, we decline this invitation because of the mandatory nature of R.C. 3119.05(A) and the well-settled law that the statute requires that the trial court consider documents, not testimony, when calculating the parents' incomes. *E.g.*, *Ellis*, 2009-Ohio-4964, at ¶ 60. Brose also suggests the administrative determination of support, which includes her gross income from 2011, was sufficient for the trial court to calculate her income for 2012. We likewise reject this suggestion. The administrative determination did not include

any of the documents listed in R.C. 3119.05(A) to support the calculation of Brose's income. As such, merely relying on the administrative determination would violate the dictates of R.C. 3119.05(A). Moreover, the administrative determination listed Brose's income for 2011, not 2012.

{¶17} In sum, Brose did not offer the necessary documentation under R.C. 3119.05(A) to allow the trial court to compute her income. This failure precluded her from carrying her burden under R.C. 3119.79 to establish the necessary change in circumstances supporting a modification of the original child support order. Consequently, the trial court did not err in denying Brose's motion for such a modified order. Further, because this basis alone was sufficient for the trial court's judgment, we need not consider the merits of Brose's arguments regarding Copeland's active duty pay and unemployment compensation as gross income or nonrecurring income.

{¶18} Accordingly, we overrule Brose's sole assignment of error.

{¶19} Having found no error prejudicial to Brose in the particulars assigned and argued, we affirm the trial court's judgment.

***Judgment Affirmed***

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**