[Cite as *Frey v. Frey*, 2015-Ohio-4622.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

RICK J. FREY,

      PLAINTIFF-APPELLEE,                CASE NO. 5-15-11

      v.

KIMBERLY S. FREY, NKA
KIMBERLY S. NIGH,                     O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2001-DR-287

Judgment Reversed and Cause Remanded

Date of Decision: November 9, 2015


APPEARANCES:

    *William E. Clark* for Appellant

**PRESTON, J.**

**{¶1}** Defendant-appellant, Kimberly Frey, n.k.a. Kimberly Nigh, ("Kimberly"), appeals the March 23, 2015 judgment entry of the Hancock County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee's, Rick Frey ("Rick"), motion for a modification of Kimberly's child support obligations. We reverse.

**{¶2}** The facts relevant to this appeal are as follows. Kimberly and Rick divorced in May 2002. *Frey v. Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, ¶ 2 (3d Dist.). Three children were born from the marriage—Ashley Frey ("Ashley"), Austin Frey ("Austin"), and Chelsea Frey ("Chelsea") (collectively, the "children"). *Frey v. Frey*, 3d Dist. Hancock No. 5-09-11, 2009-Ohio-5275, ¶ 2. After a number of modifications,[1] the trial court adopted a consent entry on August 4, 2010 regarding Kimberly's child support obligations:

1. All monies held in escrow by the Child Support Enforcement Agency shall be released immediately to the Father, Rick Frey.

2. The Father's current Child Support withholding shall be terminated immediately.

---

[1] *See Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, at ¶ 2-12.

3. The Mother, Kimberly Nigh, shall pay a lump sum to the Father, Rick Frey, in the amount of $1,000.00, to be paid immediately.

4. After the termination of the Father's Child Support obligation and upon receipt of the lump sum herein, Mother will owe $9,823.00 to Father for the overpayment of Child Support.

5. Mother shall pay child support to Father in the amount of $356.57 per month, effective as of January 1, 2010. In addition, Mother shall pay Father $72.00 per month towards the overpayment she received. In addition, Mother shall pay any processing fees in accordance with the Ohio Revised Code. All payments, including processing fee[s] at the legal rate shall be payable through the Ohio Office of Child Support. A copy of the Child Support calculations is attached hereto.

6. Mother shall immediately establish an account with a financial institution under the jurisdiction of the court and maintain in that account funds sufficient to satisfy her child support obligation set forth herein. Mother shall provide the Hancock County Child Support Enforcement Agency information regarding the account and shall take whatever steps necessary

for child support payments to be automatically withdrawn from said account.

7. The Mother shall be subject to seek a work order [sic].

8. Court costs shall be divided equally between the parties.

(Doc. No. 284); *Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, at ¶ 13.

**{¶3}** On December 18, 2014, Rick filed a "Motion for Modification of Support Obligations" requesting that the trial court order Kimberly to pay $400 in child support because Rick was injured in a workplace accident and cannot work and to pay, "instead of Medicaid," the children's health insurance. (Doc. No. 328). After a hearing on February 13, 2015, the trial court filed its entry on March 23, 2015 concluding that there was "a change of circumstance[s] * * * substantial enough to require modification of the prior child support amount pursuant to [R.C.] 3119.79." (Doc. No. 344); (Feb. 13, 2015 Tr. at 1). The trial court ordered Kimberly to provide health insurance for Austin and Chelsea; "to seek full-time employment and report her efforts in writing to the Hancock County Child Support Enforcement agency"; and to pay child support in the amount of $281.08 per month as of December 1, 2014. (Doc. No. 344).

**{¶4}** Kimberly filed her notice of appeal on April 13, 2015. (Doc. No. 347). She raises four assignments of error for our review. Because it is dispositive, we address only Kimberly's first assignment of error.

-4-

**Assignment of Error No. I**

**The Trial Court Erred and Abused its Discretion When it Modified Appellant's Child Support Obligation.**

{¶5} In her first assignment of error, Kimberly argues that the trial court abused its discretion by granting Rick's motion to modify Kimberly's child support obligations. Specifically, she argues that Rick did not provide R.C. 3119.05(A)-quality documentation of his income to warrant a change-of-circumstances finding to justify modifying Kimberly's child support obligations.

{¶6} We review a trial court's ruling on a child support modification request for an abuse of discretion because trial courts are vested with broad discretion in deciding whether to modify a child support order. *Montgomery v. Montgomery*, 3d Dist. Union No. 14-14-22, 2015-Ohio-2976, ¶ 24, citing *Brose v. Copeland*, 3d Dist. Seneca No. 13-13-08, 2013-Ohio-3399, ¶ 11 and *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). "A trial court abuses its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *Id.*, citing *Brose* at ¶ 11, citing *State v. Boles*, 2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶ 17-18. "In applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment

for that of the trial court." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** R.C. 3119.79 governs the modification of child support orders and provides, in pertinent part:

(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

\* \* \*

(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

R.C. 3119.79(A), (C).

{¶8} This court previously concluded that "where the original child support order resulted from the parties' voluntary agreement, R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C) to appropriately determine whether a modification of the order is proper." *Montgomery* at ¶ 26, citing *Adams v. Adams*,

3d Dist. Union No. 14-13-01, 2013-Ohio-2947, ¶ 16. Therefore, because Kimberly and Rick voluntarily agreed that Kimberly would pay Rick $356.57 per month in child support under the August 4, 2010 consent judgment, the trial court "'must find both (1) a [substantial] change of circumstances, and (2) that such change in circumstance "was not contemplated at the time of the issuance of the child support order."'" *Id.*, quoting *Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 11, quoting R.C. 3119.79(C).

{¶9} "'A court may only modify an existing child support order if there is a substantial change of circumstances.'" *Brose*, 2013-Ohio-3399, at ¶ 12, quoting *Green v. Tarkington,* 3d Dist. Mercer No. 10-10-02, 2010-Ohio-2165, ¶ 13. "The requisite change in circumstances exists wherever the newly calculated 'child support amount deviates from the existing order by at least ten percent.'" *Id.*, quoting *Green* at ¶ 13 and *Fox v. Fox*, 3d Dist. Hancock No. 5-03-42, 2004-Ohio-3344, ¶ 13 ("A difference of ten per cent from the amount of the current child support order constitutes a 'change of circumstances' that requires the court to modify the child support order."). "The burden of proving a change in circumstances under R.C. 3119.79 rests on the party requesting the modification of the child support order." *Id.*, citing *Maguire v. Maguire*, 9th Dist. Summit No. 23581, 2007-Ohio-4531, ¶ 14.

**{¶10}** "When considering whether a change in circumstances exists so as to merit a modified child support order, a trial court must determine *each* parent's income." (Emphasis sic.) *Id.* at ¶ 13, citing *Drummer v. Drummer*, 3d Dist. Putnam No. 12-11-10, 2012-Ohio-3064, ¶ 24. "This determination necessarily implicates R.C. 3119.05(A), which requires that, in child support modification proceedings, trial courts verify both parents' incomes 'by electronic means or with suitable documents, including, but not limited to, pay stubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for tax returns.'" *Id.*, quoting R.C. 3119.05(A). To prove their current income, "'a parent must exactly adhere to this requirement * * * by presenting those documents listed in R.C. 3119.05(A).'" *Id.*, quoting *Ornelas v. Ornelas*, 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, ¶ 23, citing *Ellis v. Ellis*, 7th Dist. Mahoning No. 08-MA-133, 2009-Ohio-4964, ¶ 60 ("[P]ursuant to R.C. 3119.05(A) a trial court is restrained to review documents, not testimony, to establish income."); *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 53 (9th Dist.).

**{¶11}** "Further, the failure to comply with R.C. 3119.05(A) precludes a movant from obtaining a modified child support order" because the "'"[f]ailure to obtain the necessary financial information renders the court's order arbitrary and therefore an abuse of discretion.'" *Brose* at ¶ 14; *Montgomery*, 2015-Ohio-2976,

at ¶ 37, quoting *Basham v. Basham*, 3d Dist. Allen No. 1-02-37, 2002-Ohio-4694, ¶ 6, quoting *Aiello v. Aiello*, 3d Dist. Seneca No. 13-96-12, 1996 WL 517351, *2 (Sept. 11, 1996).

{¶12} If a change of circumstances is established, the trial court must then determine whether that change of circumstances was contemplated at the time of the issuance of the child support order. *See Adams v. Adams*, 3d Dist. Union No. 14-12-03, 2012-Ohio-5131, ¶ 30, citing *Bonner*, 2005-Ohio-6173, at ¶ 11.

{¶13} The trial court abused its discretion in granting Rick's motion to modify Kimberly's child support obligations because Rick failed to sustain his burden under R.C. 3119.79 that there is a change in circumstances related to his income since he did not provide any R.C. 3119.05(A)-quality evidence of his reduced income. Rick filed a motion requesting that the trial court modify Kimberly's child support obligation because his income was reduced after he was injured in a workplace accident. At the hearing, Rick testified that he is unable to work after sustaining a workplace injury and is receiving $242 per week in workers' compensation benefits. (Feb. 13, 2015 Tr. at 12). He testified that, at the time he entered the consent decree with Kimberly regarding her child support obligations, he "was making around an average of about [$]2,200 to [$]2,400 a month." (*Id.* at 12-13). Rick testified that he did not bring any documentation of

his workers' compensation benefits other than his "workers [sic] card number." (*Id.* at 17-18).

**{¶14}** The trial court concluded that there was a change of circumstances and modified Kimberly's child support obligations based on Rick's testimony that he was receiving $242 per week in workers' compensation benefits as income. As we stated in *Montgomery*, "The statute and the case law interpreting it require more than testimony to satisfy the burden of proof." *Montgomery*, 2015-Ohio-2976, at ¶ 48. As such, Rick's testimony alone is insufficient to establish a change of circumstances related to his income. *Id.* at ¶ 51, citing *Basham*, 2002-Ohio-4694, at ¶ 7-8, *Brose*, 2013-Ohio-3399, at ¶ 15-17, and *Ornelas*, 2012-Ohio-4106, at ¶ 25. Because Rick's testimony alone is insufficient to establish a change of circumstances related to his income, whether his income deviated by 10 percent from the existing child support order cannot be established. Accordingly, a change in circumstances cannot be established to warrant a modification of Kimberly's child support obligations. Therefore, the trial court's order modifying Kimberly's child support obligations is arbitrary and an abuse of discretion.

**{¶15}** Because we conclude that the trial court improperly found that there was a change of circumstances, we need not determine the second prong of the R.C. 3119.79-child-support-modification test—whether that change was contemplated at the time of the issuance of the child support order.

**{¶16}** Thus, we have no choice but to sustain Kimberly's first assignment of error.

**Assignment of Error No. II**

**The Trial Court Erred and Abused its Discretion When the Judge Acted as an Advocate for the Pro Se Party.**

**Assignment of Error No. III**

**The Trial Court Erred and Abused its Discretion When it Imposed on Appellant an Order to Seek Full Time Employment and Report Her Efforts in Writing to the Hancock County Child Support Enforcement Agency.**

**Assignment of Error No. IV**

**The Trial Court Erred and Abused its Discretion When it Ordered Appellant to Provide Health Insurance Without Assuring that it Could be Provided at a Reasonable Cost.**

**{¶17}** In her second, third, and fourth assignments of error, Kimberly argues that the trial court abused its discretion by acting as an advocate for a pro se party, by ordering her to seek full-time employment, and by ordering her to provide health insurance for Austin and Chelsea.

**{¶18}** Because we determined in Kimberly's first assignment of error that the trial court abused its discretion in modifying Kimberly's child support obligations, Kimberly's second, third, and fourth assignments of error are rendered moot, and we decline to address them. *See Adams*, 2013-Ohio-2947, at ¶ 21, citing App.R. 12(A)(1)(c).

**{¶19}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**