[Cite as *Stover v. Baker*, 2020-Ohio-148.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

BRIAN STOVER,

    PLAINTIFF-APPELLANT,

    v.

KRISTA BAKER,

    DEFENDANT-APPELLEE.

CASE NO. 9-19-29

O P I N I O N

---

**Appeal from Marion County Common Pleas Court
Family Division
Trial Court No. 17 PC 184**

**Judgment Affirmed**

**Date of Decision:  January 21, 2020**

---

APPEARANCES:

    *Joel M. Spitzer* **for Appellant**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Brian Stover ("Stover") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Family Division denying his motion to modify child support. Stover argues on appeal that there was a change of circumstances and the trial court erred in finding there was not. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 11, 2014, a child was born to Stover and Krista Baker ("Baker") Doc. 1 The parties were not married. On September 1, 2017, Stover filed a complaint to establish parentage and allocate parental rights and responsibilities. *Id.* In the motion, Stover requested that he be named the residential parent of the child. *Id.* Baker filed her answer to the complaint on September 25, 2017. Doc. 5. Baker also requested to be named the residential parent of the child. *Id.* A Guardian ad Litem ("GAL") was appointed in the case on October 17, 2017. Doc. 10.

{¶3} On January 30, 2018, the final hearing on the complaint was held. Doc. 15. At that time, the parties had reached an agreement as to custody and visitation of the child. *Id.* However, the issue of child support remained before the magistrate for a ruling. *Id.* The magistrate noted that the child spent approximately equal time in the homes of both parents. *Id.* at 2. The magistrate then recommended that Stover pay $1,813.17 per month in child support, that the parties split the medical expense,

that both parties carry health insurance on the child, and that Baker would pay the child care costs, extra-curricular activities and school fees. *Id*. at 3. Baker filed a notice of objections to the magistrate's decision on March 9, 2018, but did not state what the objections were. Doc. 17. The notice indicated that more specific objections as to the findings of fact and conclusions of law would be filed once a transcript was completed. *Id*. A review of the record shows that no further objections were filed and no transcript was filed. Since Baker failed to file a transcript, the trial court overruled the objections on May 9, 2018. Doc. 19.

{¶4} On June 26, 2018, the trial court filed a judgment entry indicating that it adopted the agreed custody and visitation plan. Doc. 23 at 1. The trial court noted that it had overruled the objections to the child support and adopted the recommendations of the magistrate. *Id*. at 2. The trial court named Baker as the residential parent for the purpose of school placement, but also ordered that each parent was the residential parent during their respective shared parenting time. *Id*. No appeal was taken from this judgment.

{¶5} On August 10, 2018, Stover filed a motion to modify the parenting order claiming that there was a substantial change of circumstances. Doc. 25. Baker filed her response on August 30, 2018. Doc. 28. Her response notes that Stover's motion did not allege what the change of circumstances was in the 6 weeks from the final judgment order and the motion and that the filings appeared to be all about the amount of child support due. *Id*. On March 4, 2019, Stover filed a memorandum

in support of the motion to modify child support and the parenting order. Doc. 34. The memorandum claims that he has more time than the trial court gave him credit for and that the trial court erred in calculating child support for the June 26, 2018 entry. *Id.* Baker filed a response to Stover's memorandum on March 25, 2019. Doc. 35. Baker again noted that Stover has not identified what change of circumstances existed. *Id.* A review of the record shows that no hearing appears to have been held on the matter; that the parties instead chose to submit briefs.[1] On April 17, 2019, the trial court denied the motion to modify the parenting order as there was no change of circumstances. Doc. 36.

{¶6} Stover filed a timely notice of appeal. Doc. 37. On appeal, Stover raises the following assignments of error.

**First Assignment of Error**

**The trial court erred and abused [its] discretion in denying [Stover's] motion citing there has been no change in circumstances.**

**Second Assignment of Error**

**The trial court erred and abused [its] discretion in not modifying [Stover's] child support.**

---

[1] Although the record shows that a hearing was scheduled by the trial court for December 6, 2018 (see Doc. 30), no transcript was provided, the parties do not mention the hearing in their briefs to the trial court, the trial court does not mention the hearing in the judgment entry, and the docket does not reflect any fees for the hearing.

*Change of Circumstances*

{¶7} In the first assignment of error, Stover claims that the trial court erred by finding no change of circumstances. Modification of a prior decree allocating parental rights is governed by R.C. 3109.04(E)(1)(a), which provides in pertinent part as follows.

> **(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:**
>
> **(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.**
>
> **(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.**
>
> **(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.**

"Under R.C. 3109.04, a trial court, in determining whether a modification of a decree allocating parental rights and responsibilities is appropriate, must go through a two-step analysis." *Southern v Scheu,* 3d Dist. Shelby No. 17-17-16, 2018-Ohio-

1440, ¶ 17. The first step is to determine whether a change in circumstances has occurred since the prior decree was issued. *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007–Ohio–5589, 876 N.E.2d 546, ¶ 33, 36. Such a change must be one of substance and have a material effect on the child. *Southern, supra* at ¶ 17. When reviewing a ruling pertaining to the allocation of parental rights, an appellate court will grant great deference to the decision of the trial court. *Id*. at 18.

{¶8} In this case, neither Stover's motion nor his trial brief set forth any change of circumstance that occurred between the June 26, 2018, date of the judgment entry and the August 10, 2018 date of the motion to modify residential parent status. Instead, Stover argues that the trial court erred in calculating the child support he should pay when it entered its judgment on June 26, 2018. This is not a change of circumstances, but rather an argument to be made on direct appeal from that judgment entry. A review of the record shows that Stover never specifically argued this issue in an objection to the magistrate's recommendation. The trial court then adopted the calculation of the magistrate. Stover also never took a direct appeal from that judgment. A motion to modify parental allocations does not take the place of the direct appeal as it does not address anything that changed after the judgment hearing. R.C. 3109.04 prohibits modification of a prior decree unless facts that have arisen since the prior decree show the modification is necessary. That is not the case here. Thus, the trial court did not err in finding no change of circumstances. The first assignment of error is overruled.

*Modification of Child Support*

{**¶9**} Stover argues in his second assignment of error that the trial court erred by not modifying his child support. Stover claims that the trial court did not consider the time allocated for parenting time in its calculation of child support.

> **If an obligor or obligee under a child support order requests that the court modify the amount of child support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.**

R.C. 3119.79(A). "Before modifying an existing child support order, the trial court must determine whether there has been a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order." *Barto v. Barto*, 11th Dist. Lake No. 2003-L-070, 2005-Ohio-823, ¶ 11. *See Frey v. Frey*, 3d Dist. Hancock No. 5-15-11, 2015-Ohio-4622.

{**¶10**} As noted above, the argument presented by Stover is that the trial court erred in the calculation of child support as set forth in the June 26, 2018, judgment entry. However, he is not arguing that anything has really changed since then, only that the trial court made a mistake previously. This is not a change of circumstances. Stover is merely attempting to circumvent the deadline for filing a direct appeal by

requesting a modification. However, an issue that could have or should have been raised on direct appeal is barred from further review by the appellate court by the doctrine of res judicata. *See Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). Since Stover failed to show a change of circumstance, the trial court did not err in denying the motion to modify the child support. The second assignment of error is overruled.

{¶11} Having found no errors in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County, Family Division is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**